UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LARRY MCGUIRE (#129888)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 10-65-JVP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 9, 2010.

                                            STEPHEN C. RIEDLINGER
                                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LARRY MCGUIRE (#129888)

VERSUS                                                CIVIL ACTION

N. BURL CAIN, ET AL                                   NUMBER 10-65-JVP-SCR


MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain.  Plaintiff amended the complaint to add Dr. Barry and Mrs. Kline as defendants.  Plaintiff alleged that Dr. Barry and nurse Kline were negligent and committed medical malpractice in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989);

*Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes.  *Id.; Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992).  Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that on December 5, 2008, he completed a health care request form to have an abscessed wisdom tooth extracted.  Plaintiff alleged that the following week he was examined by Dr. Barry who prescribed antibiotics and scheduled the extraction.  Plaintiff alleged that on December 18, 2008, Dr. Barry and his assistant nurse Kline extracted another wisdom tooth which was not causing him discomfort.

Plaintiff alleged that on December 22, 2008, he completed another health care request form complaining that the abscessed wisdom tooth had not been extracted.  Plaintiff alleged that he was once again prescribed antibiotics and was scheduled for another extraction.  Plaintiff alleged that on February 2, 2008, Dr. Barry and nurse Kline discussed extracting yet another wisdom tooth without addressing the tooth which was causing him pain.  Plaintiff

alleged that Dr. Barry scraped plaque from the other wisdom tooth but failed to extract the abscessed wisdom tooth.

Plaintiff alleged that he completed a third health care request form and on March 12, 2009, the abscessed wisdom tooth was extracted.

Plaintiff alleged that Dr. Barry and nurse Kline were negligent and committed medical malpractice when they failed to first extract the abscessed wisdom tooth.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985).  Whether the plaintiff received the treatment he felt he should have is not the issue.  *Estelle v. Gamble*, *supra*; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981).  Unsuccessful medical treatment does not give rise to a § 1983 cause of action.  *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*.  Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation.  *Varnado, supra*.

Plaintiff's claims that Dr. Barry and nurse Kline were negligent and committed medical malpractice for failing to first extract the abscessed wisdom tooth does not rise to the level of a constitutional violation.

Plaintiff named Warden Cain but failed to allege any allegations against him.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Cain is responsible for the actions of his subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and without prejudice to any state law claim.

Baton Rouge, Louisiana, February 9, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE